# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER DEAN WELCH, )
)
      **Plaintiff,** )
)
      v. )   Case No. CIV-13-47-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
      **Defendant.** )

## OPINION AND ORDER

The claimant Christopher Dean Welch requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 13, 1968, and was forty-two years old at the time of the most recent administrative hearing (Tr. 58). He completed the tenth grade while taking special education classes, and has worked as a floor hand, auto mechanic, and a construction worker (Tr. 27, 254). The claimant alleges inability to work since March 18, 2009, due to hepatitis C (Tr. 250).

## Procedural History

On March 27, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Trace Baldwin conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 17, 2011 (Tr. 81-91). The Appeals Council vacated his decision and remanded the case to the ALJ; he held a second administrative hearing and again determined that the claimant was not disabled in a written opinion dated April 27, 2012 (Tr. 12-29). The Appeals Council then denied review, so the ALJ's 2012 written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that

the claimant had the residual functional capacity (RFC) to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he can lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk/sit for six hours in an eight-hour workday, push/pull hand and foot controls occasionally, balance, stoop, kneel and climb ramps or stairs frequently, and never crouch, crawl or climb ladders, ropes or scaffolds. The ALJ found that the claimant had no manipulative, visual, communicative or environmental limitations, and could remember, comprehend, and carry out simple instructions, make judgments regarding simple work-related decisions, but not work with the public or deal with co-workers and supervisors on more than a superficial basis (Tr. 19). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could do in the national and regional economies, *e. g.*, laundry folder, inspector packer, small product assembler I, final assembler, document preparer, and touch up screener[3] (Tr. 28).

**Review**

The claimant's arguments on appeal all relate to his mental impairments, *i. e.*, he contends that the ALJ erred: (i) by failing to properly evaluate the opinion of consultative examiner Dr. Larry Vaught, (ii) by failing to properly formulate his mental RFC, and (iii) by ignoring the testimony of the vocational expert that he would be unable to work with the impairments described by Dr. Vaught. Because the Court finds that the ALJ failed to

---

[3] The ALJ also noted three medium jobs identified by the vocational expert following the first administrative hearing (Tr. 27), but as these exceed the RFC and the six remaining jobs identified at the second hearing do not, it is not necessary to address these jobs.

properly evaluate the claimant's mental impairments, the decision of the Commissioner must be reversed and the case remanded for further proceedings.

The medical evidence reveals that the claimant had the severe impairments of schizoaffective disorder bi-polar type, obsessive-compulsive disorder, hepatitis C, and mild degenerative disc disease of the lumbar spine (Tr. 15). As to his physical impairments, the claimant underwent a 48-week treatment of Interferon and Riboviron for treatment of his hepatitis C (Tr., *e. g.*, 383-387). A CT of the lumbosacral spine revealed broad-based disc bulge at the L3-L4 level, which narrows the neural foramina, and bilateral pars defect without evidence for spondylolisthesis at the L3 level (Tr. 429). On September 20, 2010, Dr. Faisal Wasi sent a letter stating that the claimant had been diagnosed with hepatitis C and degenerative disc disease of the lumbosacral spine and that his medical condition made him unable to complete gainful employment (Tr. 522). He sent a similar letter on March 15, 2012 (Tr. 656). Dr. Beau Jennings performed a consultative examination of the claimant on October 21, 2010, and completed a physical Medical Source Statement (MSS) indicating that the claimant had no physical limitations. He noted the claimant's reports of back pain, as well as the fact that he still had a viral count following completion of the Interferon therapy, but simply stated "Routine Medical Exam" under the assessment portion of his notes (Tr. 540-552).

Dr. Vaught conducted a consultative mental examination of the claimant on December 12, 2010. He found that the claimant had mild impairments related to understanding and remembering simple instructions, carrying out simple instructions, and making judgments on simple work-related decisions, and marked impairments related to

understanding and remembering complex instructions, carrying out complex instructions, and making judgments on complex work-related decisions (Tr. 555). In support, he stated that the claimant's delayed recall was impaired, because the claimant had been unable to recall any of four words without prompting (Tr. 555). He further stated that the claimant had marked limitations with interacting appropriately with the public, supervisors, and co-workers, and moderate limitations responding appropriately to usual work situations and to changes in a routine setting. He made this finding because the claimant is "erratic, unfocused, and anxious around others" (Tr. 556). In his summary conclusions, Dr. Vaught stated that the claimant presented with pressured speech, was often rambling, and at times exhibited inappropriate affect, but was generally polite and cooperative. Dr. Vaught thought the claimant was fairly independent as to his activities of daily living, but that areas of concentration, persistence, and pace were pressured, and attention/concentration and short-term memory were both mildly impaired. He then stated, "It is not felt that the effects of the previous Interferon treatments are impacting his ability to concentrate on manual tasks or complete an entire days' work" (Tr. 560). The claimant began receiving treatment at Carl Albert Community Mental Health Center, where he was diagnosed with bi-polar disorder, with episodes of medication-induced decompensation, active hepatitis C, back pain, hypothyroid, and arthritis (Tr. 638).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d

1208, 1215 (10th Cir. 2004), *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ did not, however evaluate Dr. Vaught's opinion regarding the claimant's mental limitations in accordance with these standards. For example, although he seemed to adopt some of the limitations described by Dr. Vaught, the ALJ apparently ignored Dr. Vaught's finding that the claimant would be unable to maintain concentration, persistence, and pace (Tr. 560). Furthermore, the ALJ afforded little weight to Dr. Vaught's mental MSS, finding it was "not consistent with the medical evidence of record as a whole," and noting that the claimant was cooperative and his speech intelligible and fluent, and that no physician had reported unusual anxiety or that the claimant was unable to interact appropriately, *i. e.*, the ALJ rejected Dr. Vaught's opinion as to the claimant's mental limitations on the basis of findings made by physicians who evaluated physical limitations (Tr. 24). The ALJ's flawed analysis was particularly problematic because, aside from the records from Carl

Albert Mental Health Treatment Center records, Dr. Vaught provided the only complete assessment of the claimant's mental impairments.

Furthermore, although the ALJ discussed in great detail the history and purpose of the use of Global Assessment of Functioning (GAF) scores, he failed to mention any of such scores assigned to the claimant, including the GAF score of 50 assigned at the Carl Albert Mental Health Treatment Center (Tr. 638). "Although the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job," *see Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) [unpublished opinion], "[a] GAF score of fifty or less . . . *does* suggest an inability to keep a job," *Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [emphasis added] [unpublished opinion], *citing Oslin*, 69 Fed. Appx. at 947. Instead of simply rejecting GAF scores as non-dispositive, the ALJ should at a minimum have discussed the claimant's score of 50 and explained why it was not due to any occupational factors. *See Simien v. Astrue*, 2007 WL 1847205 at *2 (10th Cir. June 28, 2007) ("The ALJ was tasked with determining the level of [claimant's] functioning within the six domains, yet he made no mention of [claimant's] GAF ratings. We agree . . . that he could not simply ignore this evidence."); *Givens v. Astrue*, 251 Fed. Appx. 561, 567 n.4 (10th Cir. 2007) (noting that "the Commissioner argues that a low GAF score may indicate problems that do not necessarily relate to the ability to hold a job[,]" but finding that "[e]ven assuming this is true, the ALJ's decision does not indicate he reached the conclusion that Ms. Givens' low GAF score was due to non-occupationally-related factors.").

Because the ALJ failed to properly analyze evidence of record as to the claimant's mental limitations, the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma